**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

|                           |   |                        |
|---------------------------|---|------------------------|
|                           | * |                        |
| UNITED STATES OF AMERICA  | * |                        |
| v.                        | * | CRIM. NO.  JKB-15-462  |
| RAYMOND IDEMUDIA AIGBEKAEN, | * |                      |
| Defendant.                | * |                        |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Now pending before the Court on remand from the U.S. Court of Appeals for the Fourth Circuit is Defendant Raymond Aigbekaen's Motion for a New Trial.  (ECF No. 346.)  The Court previously denied the motion.  (ECF No. 347.)  Defendant appealed, and the Fourth Circuit remanded to this Court "for the limited purpose of entering an opinion and order enumerating each of Aigbekaen's claims and explaining why each such claim does not entitle Aigbekaen to relief." (ECF No. 365.)   In accordance with the Fourth Circuit's instruction, the Court enters this Memorandum and Order.

### I.    Background

Defendant was indicted on six counts: (1) Conspiracy to Commit Sex Trafficking, in violation of 18 U.S.C. § 1594(c); (2) Conspiracy Related to Interstate Prostitution, in violation of 18 U.S.C. § 371; (3) Sex Trafficking, in violation of 18 U.S.C. § 1591(a); (4) Interstate Transportation for Prostitution, in violation of 18 U.S.C. § 2421; (5) Enticement to Travel Interstate for Purposes of Prostitution, in violation of 18 U.S.C. § 2422(a); and (6) Use of Interstate Facilities to Promote an Enterprise Involving a Prostitution Offense, in violation of 18 U.S.C. § 1952(a)(3).  (ECF No. 1.)   A jury trial was held in September of 2016, and Defendant was

1

convicted of all counts on September 29, 2016.  (ECF No. 189.)  On February 9, 2017, the Court sentenced the Defendant to a downward-variant sentence of 180 months in prison.  (ECF Nos. 228, 229.)

Defendant timely appealed to the Fourth Circuit, arguing primarily that his conviction should be overturned because the government had unlawfully searched certain of his digital devices without a warrant, in violation of the Fourth Amendment.  On November 21, 2019, the Fourth Circuit upheld the conviction, finding that the challenged searches were unconstitutional, but that the good-faith exception to the exclusionary rule applied.  *See United States v. Aigbekaen*, 943 F.3d 713 (4th Cir. 2019).

While that appeal was pending, Defendant began filing dozens of *pro se* motions seeking all manners of relief.  On July 8, 2019, well over two years after his trial, Defendant filed the instant motion for a new trial.  (Mot. New Trial, ECF No 346.)  The Court denied the motion the next day.  (ECF No. 347.)  Defendant appealed to the Fourth Circuit, and on February 19, 2020, the Fourth Circuit remanded "for the limited purpose of entering an opinion and order enumerating each of Aigbekaen's claims and explaining why each such claim does not entitle Aigbekaen to relief."  (ECF No. 365.)  At the Court's direction, the Government filed a response to Defendant's motion.  (ECF No. 391.)

## II.     *Legal Standard*

Pursuant to Federal Rule of Criminal Procedure 33(a) the Court may vacate a judgment and grant the Defendant a new trial "if the interest of justice so requires."  The Fourth Circuit has held that a district court must "exercise its discretion to grant a new trial 'sparingly.'"  *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997) (quoting *United States v. Arrington*, 757 F.2d

1484, 1486 (4th Cir. 1985)).  Further, the Fourth Circuit has explained that a new trial should be granted "only when the evidence weighs heavily against the verdict." *Arrington*, 757 F.2d at 1486.

Rule 33 provides that "[a]ny motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty" and that "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b).  *See also Epps v. United States*, 728 F. Supp. 1235, 1236 (D. Md. 1990) ("Public policy favors the finality of judgments rendered upon a full litigation of the merits, and this policy is inherent in the procedural time limitations of Rule 33.").  The Fourth Circuit has further explained that there are five factors a court should consider in analyzing whether newly discovered evidence requires a new trial:

> (a) the evidence must be, in fact, newly discovered, *i.e.*, discovered since the trial; (b) facts must be alleged from which the court may infer diligence on the part of the movant; (c) the evidence relied on must not be merely cumulative or impeaching; (d) it must be material to the issues involved; and (e) it must be such, and of such nature, as that, on a new trial, the newly discovered evidence would probably produce an acquittal.

*United States v. Robinson*, 627 F.3d 941, 948 (4th Cir. 2010) (quoting *United States v. Custis*, 988 F.2d 1355, 1359 (4th Cir. 1993)) (further internal citations omitted).

### III.    Analysis

Defendant's motion raises a number of claims.  Most of these claims are not new and are therefore clearly untimely under Rule 33.  Further, none of Defendant's arguments actually rest on newly discovered evidence capable of satisfying the five-factor test established by the Fourth Circuit.  The Court will address each claim in turn below.[1]

---

[1] Defendant's August 10, 2020 submission in reply appears to raise new arguments not addressed in his original motion related to, *inter al.*, selective prosecution, ineffective assistance of counsel, and the COVID-19 pandemic.  These arguments are waived as untimely under Rule 33 and as improperly raised on reply.  *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F.Supp.2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument

### A.  Defendant's Knowledge of the Minor Victim's Age

Defendant claims that his conviction on the charge of Sex Trafficking in violation of 18 U.S.C. § 1591(a) was against the weight of the evidence because the evidence presented at trial established that the Defendant did not know the minor victim's age.  (Mot. New Trial at 1–2.) Though Defendant attempts to tie this argument to some newly discovered evidence by asserting that he discovered after trial that Special Agent Baird misrepresented the victim's statements on the subject, Defendant primarily relies on the Court's own statement at sentencing that the Government had not proved beyond a reasonable doubt that Defendant knew the minor victim's age. (*Id.*)

This argument is inapposite.  As has been explained, to establish liability under § 1591(a), "the Government need not prove that the defendant knew . . . that the [minor victim] had not attained the age of 18 years," so long as the Government does prove that he either acted with "reckless disregard of [the] fact" that she was under 18 years old, or "had a reasonable opportunity to observe" the minor victim.  18 U.S.C. § 1591(a), (c).  *See also United States v. Gunn*, 750 F. App'x 192, 194 (4th Cir. Sept. 12, 2018) (upholding conviction given proof that defendant "either recklessly disregarded or had a reasonable opportunity to observe the age of the[] victim"). Further, as the Court explained at sentencing, the evidence at trial established that Defendant had the opportunity to observe the victim and also that he recklessly disregarded the possibility that she was a minor.  (Sentencing Hrg. Tr. at 91:16–92:3, 162:19–163:12, ECF No. 262.)  Therefore, the jury's verdict was in accordance with the weight of the evidence, and the Defendant has identified no evidence, let alone newly discovered evidence, establishing his entitlement to a new trial on this issue.

---

raised for the first time in a reply brief or memorandum will not be considered.").  Therefore, the Court need not address them, except to note that Defendant has provided no evidence indicating that he could be entitled to relief.

### B.   Witness Tanika Thomas Lied

The Defendant claims that he is entitled to a new trial because witness Tanika Thomas lied and the Government failed to disclose exculpatory information that would have drawn her credibility into question.  (Mot. New Trial at 2–3.)  Defendant offers no newly discovered testimony or other evidence in support of his various allegations of impropriety.  *C.f. United States v. Flynn*, 791 F. Supp. 133, 136 (M.D.N.C. 1992) (denying a Rule 33 motion where "Defendant ha[d] alleged the content of the exculpatory statements, but ha[d] presented no sworn affidavits[] to substantiate their exculpatory nature").  Further, Defendant's allegations are merely impeaching, and even if Defendant could produce additional evidence drawing Ms. Thomas' credibility into question, it would not lead to acquittal.  Defense counsel effectively cross-examined Ms. Thomas at trial, challenging her credibility and motivations in the same manner Defendant does in his motion (ECF No. 260, at 51:7–78:22), and even without Ms. Thomas' testimony that Defendant knew the victim's age, the evidence presented still thoroughly established Defendant's guilt.

### C.   Warrant to Search Defendant's Facebook Account

Defendant claims that he is entitled to a new trial because the Government lacked probable cause to conduct a search of his Facebook account and the evidence related to that account was therefore erroneously admitted.  (Mot. New Trial at 3.)  Defendant cites no newly discovered evidence, and indeed, the arguments he recites were previously raised by defense counsel before trial.  (*See* ECF Nos. 64, 112.)  Defendant's argument is procedurally untimely and substantively misplaced.

### D.   DNA Evidence

Defendant claims that he is entitled to a new trial because the Government fabricated the DNA evidence presented in this case.  (Mot. New Trial at 3–5.)  He provides no evidence in support

of this assertion, let alone newly discovered evidence.  Additionally, as with the Facebook account, defense counsel already raised the argument that the DNA evidence was inadmissible.  (*See* ECF Nos. 137, 391-1.)  This argument is also untimely and misplaced.

### E.  Computer Evidence and False Police Reports

Defendant claims that he is entitled to a new trial because the Government altered evidence which was taken from his computer and fabricated other evidence.  (Mot. New Trial at 5–6.) Defendant provides no evidence in support of his allegations, let alone newly discovered evidence. Further, to the extent that Defendant seeks factual support for his allegations, he points to statements in the trial record which he claims support his theory.  Defendant's late-raised conclusory allegations of misconduct do not support a new trial.

### F.  Brady Violations

Defendant claims that he is entitled to a new trial because the Government withheld exculpatory evidence and fabricated inculpatory evidence. (Mot. New Trial at 6–7.)  Among other things, Defendant alleges that: the Government misrepresented the victim's statements; "[t]he bulk of the case is made up of manufactured information"; the Government withheld exculpatory information regarding Tanika Thomas; the Government withheld exculpatory information regarding Shantell Ziegler; the Government deleted video evidence and audiotape evidence; and the Government mischaracterized Evelyn Robinson's statements.

Defendant does not provide any evidence supporting his various accusations.  Merely bringing new unsupported and conclusory allegations of wrongdoing on the part of the Government does not entitle a defendant to a new trial under Rule 33.  *C.f. United States v. Kerr*, 709 F. App'x 431, 434 (9th Cir. 2017) (holding "conclusory and speculative assertions" do not establish entitlement to new trial); *Normand v. Wells*, Civ. No. HC-2256, 2015 WL 12915585, at

*3 (E.D.N.C. May 8, 2015) (Where "claims of 'newly discovered evidence' are unsupported conclusory assertions" no relief is warranted.).

### G.  Defendant's Competency

Defendant claims that he is entitled to a new trial because he was not mentally fit to stand trial.  Defendant alleges that he suffered a series of psychotic episodes before and during trial which rendered him incapable of remembering important facts and participating in his defense. (Mot. New Trial at 8.)

Defendant has provided no evidence corroborating this allegation,[2] and his claims regarding his mental state are contrary to the undersigned's observations of Defendant during trial. Though a post-trial diagnosis of a serious and previously unrecognized psychological condition may qualify as newly discovered evidence under Rule 33, Defendant's perception of his own mental state during trial cannot be characterized as newly discovered.  *See United States v. Herrera*, 481 F.3d 1266, 1271 (10th Cir. 2007) (denying Rule 33 motion on account of "(1) [Defendant's] knowledge of his physical symptoms prior to or during trial, and (2) the lack of any suggestion at trial from counsel or the defendant that he could not understand the proceedings"). Defendant has not proven his entitlement to a new trial on this basis.

### H.  The Court's Alleged Bias and Racism

Defendant claims that he is entitled to a new trial because the undersigned exhibited bias and racial animosity towards Defendant.  (Mot. New Trial at 8.)  Defendant cites two entirely unremarkable statements and the fact that the undersigned disclosed at trial that he was then a trustee of the Vera Institute of Justice—an organization peripherally associated with an organization for which one of the Government's witnesses had worked.  (*Id.*; ECF No 391-2.)

---

[2] Though Defendant's motion references an attached medical report, no medical report or other exhibit was filed with Defendant's motion.

None of the evidence cited by Defendant was newly discovered after trial, nor does it indicate any improper bias or animus on the part of the undersigned.

### I.  Inconsistent Verdicts

Defendant argues that he is entitled to a new trial because the jury rendered an inconsistent verdict.  (Mot. New Trial at 9.)  The trial verdict cannot be characterized as newly discovered evidence.  Further, "it is well-settled that a defendant 'cannot challenge his conviction merely because it is inconsistent with a jury's verdict of acquittal on another count.'" *United States v. Louthian*, 756 F.3d 295, 305 (4th Cir. 2014) (quoting *United States v. Thomas*, 900 F.2d 37, 40 (4th Cir. 1990)).  At any rate, the verdict was not inconsistent, as explained in the Government's brief.  (Opp'n Mot. New Trial at 14–15, ECF No. 391.)

### J.  Sleeping Juror

Defendant claims that a new trial is warranted because one juror was allegedly sleeping during trial.  (Mot. New Trial at 9.)  This juror's behavior is not newly discovered evidence, as the Government raised during trial that this juror's eyes were closed, and the parties and Court discussed this observation.  (ECF No. 391-3.)  Further, as the Court explained during trial, though the juror's eyes were at times closed, the Court closely observed the juror and determined that the juror was not sleeping.  (*Id.*)

### K.  Insufficient Evidence of Conspiracy

Defendant claims that the evidence was insufficient to support the conspiracy charges against him.  (Mot. New Trial at 9.)  Defendant cites no newly discovered evidence and merely rehashes previously raised arguments regarding his innocence.

### *L. Constructive Amendment of Indictment*

Defendant claims that there was unlawful constructive amendment of the indictment because the "strict liability" language of § 1591(c)—i.e. the phrase "reasonable opportunity to observe"—which was included in the jury instructions, was not included in the text of indictment. (Mot. New Trial at 9–11.) The language of the jury instructions is not newly discovered evidence. Further, Defendant is mistaken regarding the contents of the Indictment. Count Three of the indictment, which charged Defendant with sex trafficking in violation of 18 U.S.C. § 1591(a), did include the "having had reasonable opportunity to observe" formulation included in § 1591(c). (ECF No. 1.) As such, this argument too is untimely and inapposite.

### IV.    Conclusion

The foregoing constitutes the "opinion and order" that the Court of Appeals ordered the undersigned to complete, "enumerating each of Aigbekaen's claims and explaining why each such claim does not entitle Aigbekaen to relief." (ECF No. 365.) The Court affirms its prior order and again denies Defendant's motion.


DATED this 11th day of August, 2020.


                                              BY THE COURT:


                                              _____/s/_____

                                              James K. Bredar
                                              Chief Judge