IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-462 |
| RAYMOND AIGBEKAEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court are Defendant Raymond Aigbekaen's "Motion for Leave to Supplement Request for Compassionate Release/ Home Confinement And/ Or Reduction in Sentence Under 3582(c)(1)(A)" (ECF No. 422), and his "Emergency Motion for Temporary Restraining Order" (ECF No. 423). The Court interprets the two motions as renewing Defendant's request for release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which the Court previously denied without prejudice (*see* ECF Nos. 380, 405). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Defendant's motions are DENIED.

Motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.* A defendant may move for compassionate release under § 3582(c)(1)(A) only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.* Defendant has attached correspondence from

1

the warden of his institution denying his request for sentence reduction, and the Court concludes that he has satisfied the procedural requirements of § 3582(c)(1)(A). (ECF No. 422-2.) Therefore, the Court must determine: (1) whether Defendant has provided evidence establishing the existence of "extraordinary and compelling reasons" for his release; and (2) if so, whether compassionate release is consistent with the factors set forth in 18 U.S.C. § 3553(a).

Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least 65 years old and has served ten years or 75% of his term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1(A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, this Court has held that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020); *see also United States v. Lewin*, Crim. No. SAG-15-198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish

2

extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

The Court finds that Defendant has not provided evidence establishing "extraordinary and compelling reasons." Defendant's submissions list certain medical conditions that he claims heighten his risk of becoming seriously ill as a result of COVID-19, including: hypertension, a BMI in the overweight range, sickle cell trait, tuberculosis, and sleep apnea. CDC guidance indicates that overweightness and hypertension "might" be associated with a heightened risk of severe illness, and the Court acknowledges the possibility that in spite of his relatively young age, Defendant may be at an elevated risk. *See* Coronavirus Disease 2019 (COVID-19): People at Increased Risk for Severe Illness, CTRS. FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed January 8, 2020). However, Defendant has not submitted records documenting the existence or the severity of any medical conditions. Absent such records, the Court is in no position to evaluate Defendant's health and differentiate him from the thousands of similarly situated federal inmates.

Further, even assuming Defendant met the "extraordinary and compelling reasons" requirement, the Court would still deny his request for sentence reduction on the basis of the § 3553(a) factors. Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence;

3

and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020). These factors do not permit release at this time.

As discussed at sentencing, Defendant was convicted of serious crimes related to the sexual trafficking of a minor victim, for which he was subject to a ten-year mandatory minimum sentence and a guideline range of 188 to 235 months. (*See* Sentencing Tr. at 104:7–16, 128:1–4, ECF No. 262.) The Court arrived at the below-guideline sentence of 180 months after carefully considering all relevant factors and weighing mitigating factors (such as Defendant's impressive service in the U.S. Navy) against aggravating factors (including Defendant's deep involvement in a particularly appalling offense). (*See* Sentencing Tr. at 161:21–171:18.) The Court remains convinced, for the reasons laid out at sentencing, that the sentence of 180 is the sentence that is sufficient but not greater than necessary. Even crediting Defendant's representations regarding his medical issues, the fact that Defendant has served less than half of this sentence—and far less than the mandatory minimum ten-years—renders release inappropriate at this time.

Denying compassionate release is not a decision the Court makes lightly. The Court acknowledges the very real danger posed by the COVID-19 pandemic and the serious concern that Defendant and his family undoubtedly feel. But, having given careful consideration to the matter, the Court DENIES Defendant's motions (ECF Nos. 422, 423).

DATED this 11th day of January, 2021.

BY THE COURT:

*James K. Bredar*
James K. Bredar
Chief Judge