IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-0462 |
| RAYMOND AIGBEKAEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

Defendant Raymond Aigbekaen, who was convicted of various offenses related to interstate prostitution, has filed several motions regarding compassionate release. After the onset of the COVID-19 pandemic crisis, Aigbekaen filed a Motion for Compassionate Release (ECF No. 372) pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) on March 20, 2020. *See In re: Court Operations Under the Exigent Circumstances Created by COVID-19*, Case 1:00-mc-00308, Standing Order 2020-05 (D. Md. Mar. 20, 2020). Aigbekaen then filed additional motions for compassionate release on May 4, June 30, and August 21, 2020. (*See* ECF Nos. 376, 404, 414.) The Court denied these motions because Aigbekaen did not show his eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A), in part because the factors set forth in 18 U.S.C. § 3553(a) do not justify his early release or sentence reduction. (*See* ECF Nos. 418, 427.) Aigbekaen also sought reconsideration on two occasions. (*See* ECF Nos. 379, 399.)

Now pending before the Court are Aigbekaen's Motion Seeking Clarification as to why his compassionate release motions were denied (ECF No. 436), Motion for Reconsideration of the Court's denial of compassionate release (ECF No. 440), and yet another Motion for Compassionate Release (ECF No. 443). Because none of these motions alter the Court's fundamental analysis

1

under § 3553(a), all will be denied. Aigbekaen has also filed a Motion Seeking Telephonic Hearing on his compassionate release motions (ECF No. 442), which will also be denied. Because the facts and arguments relevant to this Court's decision are clear from Aigbekaen's motions, no hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018).

As this Court has previously explained in detail (*see* ECF No. 427 at 1–3), motions for compassionate release are governed pursuant to 18 U.S.C. § 3582(c)(1)(A). Under this section, a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and the court has "consider[ed] the factors set forth in section 3553(a) to the extent that they are applicable." *Id.*

Under 28 U.S.C. § 994(t), the U.S. Sentencing Commission "shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." The Commission has stated that "extraordinary and compelling reasons" exist where: (1) a defendant has a terminal or serious medical condition; (2) a defendant with deteriorating health is at least sixty-five years old and has served ten years or 75% of his or her term of imprisonment; (3) certain family circumstances arise in which a defendant must serve as a caregiver for minor children or a partner; or (4) the Bureau of Prisons ("BOP") determines other circumstances create "extraordinary and compelling reasons" for sentence reduction. *See* U.S.S.G. § 1B1.13 cmt. n.1 (A)–(D).

This mandate and policy statement, however, predate the passage of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018), which "remove[d] the Bureau of Prisons from its former role as a gatekeeper over compassionate release motions." *United States v. McCoy*, 981 F.3d 271, 276 (4th Cir. 2020) (internal quotation marks and citation omitted). Accordingly, the Fourth Circuit has affirmed that "district courts are 'empowered . . . to consider *any* extraordinary

2

and compelling reason for release that a defendant might raise.'" *Id.* at 284 (emphasis in original) (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d Cir. 2020)). This Court has held, for instance, that "medical conditions which make a defendant uniquely susceptible to complications from COVID-19 create 'extraordinary and compelling reasons' to grant compassionate release pursuant to § 3582(c)(1)(A)." *United States v. Richardson*, Crim. No. JKB-09-0288, 2020 WL 3267989, at *2 (D. Md. June 17, 2020); *see also United States v. Lewin*, Crim. No. SAG-15-0198, 2020 WL 3469516, at *3 (D. Md. June 25, 2020) (A defendant can establish extraordinary and compelling reasons by demonstrating that he "(1) has a condition that compellingly elevates his risk of becoming seriously ill, or dying, from COVID-19, and (2) is more likely to contract COVID-19 in his particular institution than if released.").

On January 11, 2021, this Court found that Aigbekaen did not present evidence establishing an extraordinary and compelling reason for his compassionate release and that the § 3553(a) factors weighed against his early release. (*See* ECF No. 427.) In the present Motion Seeking Clarification, Motion for Reconsideration, and new Motion for Compassionate Release, Aigbekaen does not present any facts that give the Court cause to alter its prior decision.

Previously, this Court explained that Aigbekaen failed to establish extraordinary and compelling reasons for compassionate release when he did not present evidence documenting the severity or existence of his medical conditions. (*See* ECF No. 427 at 3.) In his current motions, Aigbekaen again alleges that he has several potentially serious health issues, including "hypertension, sleep apnea, sickle cell, obesity, and tuberculosis infection." (*See* ECF No. 443 at 2). Although Aigbekaen still does not attach complete medical records to his latest Motion for Compassionate Release (ECF No. 443), he provides a "Protocol for Sickle Cell Transport" as an exhibit to his Motion for Reconsideration. (*See* ECF No. 447-1.) On this form, a healthcare

3

provider indicated that Aigbekaen "has sickle cell trait," but did not indicate that he has "sickle cell disease." (*Id.*) According to the Centers for Disease Control and Prevention, "[h]aving hemoglobin blood disorders like sickle cell disease (SCD) . . . *can make you more likely* to get severely ill from COVID-19." *See* Coronavirus Disease 2019 (COVID-19): People with Certain Medical Conditions, CTRS. FOR DISEASE CONTROL, http://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-at-higher-risk.html (last accessed Apr. 13, 2021) (emphasis in original).

Assuming *arguendo* that Aigbekaen's "sickle cell trait" does increase his risk of experiencing a severe case of COVID-19, the Court emphasizes that consideration of the § 3553(a) factors still weighs against Aigbekaen's compassionate release. Section 3553(a) states that courts shall consider a variety of factors when imposing a sentence, including: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants." *United States v. Bryant*, Crim. No. CCB-95-202-3, 2020 WL 2085471, at *4 (D. Md. Apr. 30, 2020).

In his present motions, Aigbekaen presents no facts that would alter the Court's thorough analysis of the § 3553(a) factors, as applied to the unique facts of Aigbekaen's case. (*See* ECF No. 427 at 4.) As this Court previously explained, Aigbekaen was involved in the sexual trafficking of a minor victim, a serious crime that posed a clear danger to society. (*See* Sentencing Tr. at 163:13–25, ECF No. 262.) Moreover, Aigbekaen has served less than half of his 180-month sentence, which was below the sentencing guideline range of 188 to 235 months. (*Id.* at 128:1–

4.) Releasing Aigbekaen when he has served less than half of his sentence for a serious crime committed against a vulnerable victim would not sufficiently promote respect for the law, deter crime, or protect the public.

The Court acknowledges the very real danger posed by the COVID-19 pandemic and Aigbekaen's legitimate concerns about his health and living situation. However, because Aigbekaen's early release is not warranted under the § 3553(a) factors, this Court will deny Aigbekaen's Motion for Reconsideration (ECF No. 441) and his latest Motion for Compassionate Release (ECF No. 443). Because the Court explains its decision to deny compassionate release in detail in this Memorandum, the Court will deny as moot Aigbekaen's Motion Seeking Clarification regarding this Court's earlier denials of compassionate release (ECF No. 436). Finally, the Court will deny Aigbekaen's Motion Seeking Telephonic Hearing on his compassionate release motions (ECF No. 442) because a hearing is not necessary for resolving Aigbekaen's motions regarding compassionate release.

DATED this __13__ day of April, 2021.

BY THE COURT:

James K. Bredar
Chief Judge