IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-0462 |
| RAYMOND AIGBEKAEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On February 9, 2017, Defendant Raymond Aigbekaen was convicted of various offenses related to sex trafficking and interstate prostitution. (ECF No. 228.) Now pending before this Court are Aigbekaen's two Motions for Extension of Time to File a § 2255 motion (ECF Nos. 438, 450), as well as his Motion Seeking Judicial Notice (ECF No. 435). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, all three of Aigbekaen's motions will be DENIED.

### I.   *Motion for Extension*

On March 22, 2021, Aigbekaen moved for an extension of time to file a § 2255 motion, contending that "[t]he deadline is fast approaching and the institution is still on LOCKDOWN." (ECF No. 438 at 1 (emphasis in original).) While this Court recognizes the challenges posed by the COVID-19 pandemic, Aigbekaen has not made a sufficient showing to justify an extension of the strict deadline for filing § 2255 motions.

Under 28 U.S.C. § 2255(a), a prisoner in custody may seek release on the grounds "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the

1

maximum authorized by law, or is otherwise subject to collateral attack." A § 2255 motion must be brought within one year of the date on which a judgment of conviction becomes final. *Id.* § 2255(f)(1). A federal court may equitably toll this one-year deadline in "rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party" seeking § 2255 relief. *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). Equitable tolling of petitions for collateral review is available only when a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

A petitioner cannot meet his burden of establishing that a court should apply the doctrine of equitable tolling simply by making a passing reference to the pandemic or the resulting lockdown. Instead, a petitioner must show: (1) he has been diligently working to file a § 2255 motion on time, and (2) how COVID-19 specifically prevented him from filing this motion on time. *See, e.g., Willard v. Indus. Air, Inc.*, Civ. No. TDS-20-0823, 2021 WL 309116, at *4 (M.D.N.C. Jan. 29, 2021) ("[C]ourts that have considered the issue have not found that the COVID-19 pandemic justifies equitable tolling absent a corresponding showing that the pandemic prevented the plaintiff from timely filing suit."); *Stanley v. Saul*, Civ. No. SRB-20-0499, 2020 WL 6140552, at *4 (W.D. Mo. Oct. 19, 2020) (refusing to equitably toll a filing deadline when "Plaintiff . . . does not specifically explain how COVID-19 shutdowns or related issues prevented her from [filing].").

Aigbekaen does not meet either of the two requirements for equitable tolling of the strict one-year deadline for filing a § 2255 motion. First, Aigbekaen does not allege that he diligently worked to file a § 2255 motion on time. The fact that his first Motion for Extension is dated

2

March 12, 2021, which is nine days after the one-year deadline for filing a § 2255 motion, implies that he has not been diligently working on a § 2255 motion in good faith over the past year. Second, simply alleging that his "institution is still on LOCKDOWN" does not satisfy Aigbekaen's burden of showing how COVID-19 specifically impeded him from meeting the one-year deadline. *See Willard*, 2021 WL 309116, at *4–*5 (internal citation omitted) (holding that, when an inmate cites "the 'chaos created by the pandemic' to support his argument for equitable tolling," and even "suggests—but does not assert—that due to the pandemic he was unable to obtain a lawyer and was impeded in filing his claim due to lack of internet access," the inmate "fail[s] to demonstrate that he exercised due diligence in pursuing his rights" and does not qualify for equitable tolling of the § 2255 motion).

## II.   *Motion Seeking Judicial Notice*

In the form of a Motion Seeking Judicial Notice, Aigbekaen also argues that the Court erred in sentencing him to 180 months' imprisonment. (*See* ECF No. 435.) More specifically, Aigbekaen disagrees with the Court's imposition of a sentencing enhancement on the grounds that he exercised a leadership role in the sex trafficking offense for which he was convicted. (*Id.* at 2.)

A defendant may challenge his sentence only through certain prescribed avenues, primarily 28 U.S.C. § 2255 and 18 U.S.C. § 3582. As described above, § 2255 is a means of collaterally attacking an unlawful sentence, and Aigbekaen's motions seeking an extension of time to file a § 2255 motion clearly indicate that he did not intend for this Motion Seeking Judicial Notice to be evaluated under § 2255. Section 3582 states that courts "may not modify a term of imprisonment once it has been imposed," unless specific exceptions apply. In short, these exceptions are for defendants (1) who have presented extraordinary and compelling reasons

for their early release; (2) who have "provided substantial assistance in investigating or prosecuting another person;" or (3) whose sentencing range has been reduced by the U.S. Sentencing Commission. *See* 18 U.S.C. § 3582(c); Fed. R. Crim. P. 35(b).

This motion is not the proper avenue for questioning the Court's findings of fact and legal conclusions during the sentencing process, as Aigbekaen does not demonstrate that he fits within any of the above exceptions. Even if this motion had been properly filed under the correct sentencing statute, the motion provides the Court with no grounds to conclude that the Court's judgment in this case was improper or unlawful. Although Aigbekaen begins his motion by stating that there have been "some changes in the law" (ECF No. 435 at 1), he does not identify any changes in the sentencing laws,[1] let alone a change that pertains to the factors underlying his specific sentence.[2]

Because Aigbekaen's Motion Seeking Judicial Notice provides no legal basis for this Court to alter Aigbekaen's sentence, it will be denied.

### III. Conclusion

Accordingly, it is hereby ORDERED:

1. Aigbekaen's Motion Seeking Judicial Notice (ECF No. 435) is DENIED.

2. Aigbekaen's first Motion for Extension of Time to File a § 2255 Motion (ECF No. 438) is DENIED.

---

[1] Aigbekaen cites a recent Southern District of New York case considering the leadership sentencing enhancement, but this decision constitutes persuasive—not binding—authority. A recent district court case reaching a contrary conclusion from this case—based on different facts—is not considered a change in federal sentencing law that justifies resentencing.

[2] Aigbekaen also argues that, because his sentence was based on aggravating factors that "were not presented to the jury," his sentence violated the Supreme Court's requirement that facts that increase a defendant's mandatory minimum sentence must be found by a jury, not a judge. *See Alleyne v. United States*, 570 U.S. 99, 108 (2013). Aigbekaen takes issue with "four points" underlying his sentence, but does not identify what those points are. Similarly, Aigbekaen does not identify any *facts* that this Court improperly found at sentencing. In fact, in sentencing Aigbekaen, this Court drew heavily on the facts that the jury found at trial. (*See* Sentencing Tr., ECF No. 262.)

4

3. Aigbekaen's second Motion for Extension of Time to File a § 2255 Motion (ECF No. 450) is DENIED.

DATED this 5 day of May, 2021.

BY THE COURT:

James K. Bredar
Chief Judge