IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|                          |   |                        |
|--------------------------|---|------------------------|
| UNITED STATES OF AMERICA | * |                        |
| v.                       | * | CRIM. NO. JKB-15-0462  |
| RAYMOND AIGBEKAEN,       | * |                        |
| Defendant.               | * |                        |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

On February 9, 2017, Defendant Raymond Aigbekaen was convicted of various offenses related to sex trafficking and interstate prostitution. (ECF No. 228.) Now pending before this Court are Aigbekaen's two Motions for Release on Bail or Recognizance Pending Disposition of his § 2255 motion. (ECF Nos. 459, 463.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2021). For the reasons set forth below, both of Aigbekaen's motions will be DENIED.

### I.  *Legal Standard*

"[T]here is abundant authority that federal district judges in habeas corpus and section 2255 proceedings have inherent power to admit applicants to bail pending the decision of their cases," but this power should "be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985). The rationale for disfavoring bail when a defendant is collaterally attacking his or her sentence through a § 2255 motion is that a "defendant whose conviction has been affirmed on appeal (or who waived his right of appeal, as by pleading guilty, or by foregoing appeal after being convicted following a trial) is unlikely to have been convicted unjustly." *Id.*

"Before a prisoner may be released on bail pending a collateral attack on his conviction, he must show [1] substantial constitutional claims on which he has a high probability of success, and [2] exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." *United States v. Eleily*, 276 F. App'x 270, 270 (4th Cir. 2008). "Courts generally have defined 'exceptional reasons' as circumstances which are 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Vilaiphone*, Crim. No. MR-08-0232, 2009 WL 412958, at *2 (W.D.N.C. Feb. 18, 2009) (citation omitted). "Some examples of extraordinary circumstances are serious deterioration of the petitioner's health while incarcerated, . . . short sentences for relatively minor crimes so near completion that extraordinary action is essential to make collateral review truly effective . . . or possibly extraordinary delay in processing a habeas corpus petition[.]" *Calley v. Callaway*, 496 F.2d 701, 702 n.1 (5th Cir. 1974) (collecting cases) (citations omitted).

## *II.  Analysis*

As a habeas petitioner seeking release on bail or recognizance, Aigbekaen bears the burden of showing that he satisfies both of the above requirements for release pending this Court's disposition of his habeas motion. Aigbekaen does not meet his evidentiary burden with respect to the first requirement. In his motions, Aigbekaen asserts that three issues qualify as "substantial constitutional claims": a warrantless seizure, a constructive amendment of the indictment, and ineffective assistance of counsel. (ECF No. 459 at 1–2; ECF No. 463 at 1.) However, Aigbekaen provides no elaboration regarding the substance of his constitutional claims, and does not offer even a cursory explanation as to why his constitutional claims have a "high probability of success." *See Eleily*, 276 F. App'x at 270. Aigbekaen simply attaches several judicial opinions to his motion without explaining their significance in relation to his case. For instance, Aigbekaen appends what

appears to be a passage from a Fourth Circuit opinion, which he alleges lends weight to his ineffective assistance of counsel claim, but in this passage, the Fourth Circuit notes that it has "examined Aigbekaen's contentions and find[s] no reversible error." (ECF No. 463-1 at 1.)

Because Aigbekaen has failed to meet the first requirement for bail by not showing that he is likely to succeed on his constitutional claims, this Court need not decide whether Aigbekaen presents any exceptional reasons justifying his release on bail. However, even if Aigbekaen had met his burden of establishing substantial constitutional claims on which he has a high probability of success, Aigbekaen's motions would very likely fail on the second prong because he does not demonstrate exceptional circumstances that necessitate a grant of bail to make the habeas remedy effective. Aigbekaen alleges in his second motion that "he was brutally raped" and the "BOP has also failed to provide a breathing machine for the defendant's sleep apnea." (*See* ECF No. 463 at 2.) Though concerning, Aigbekaen's allegations, which he does not bolster with any evidence, do not support a finding that his bail *must* be granted in order for a potential habeas remedy to be effective.

In sum, Aigbekaen provides this Court with no basis to conclude that he qualifies for the unusual, extraordinary remedy of being released on bail or recognizance pending this Court's resolution of his habeas motion.

### *III.   Conclusion*

For the foregoing reasons, Aigbekaen's two Motions for Release on Bail or Recognizance Pending Disposition of his § 2255 motion (ECF Nos. 459, 463) are hereby DENIED.

DATED this __1__ day of July, 2021.

BY THE COURT:

*James K. Bredar*
James K. Bredar
Chief Judge