IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | CRIM. NO. JKB-15-0462 |
| **RAYMOND AIGBEKAEN,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Defendant Raymond Aigbekaen, who was convicted of sex trafficking and prostitution offenses in 2017, recently sought this Court's permission to file a petition under 28 U.S.C. § 2255, even though the one-year deadline for filing a § 2255 petition had already passed. (*See* ECF Nos. 438, 450.) This Court denied that motion on May 6, 2021, explaining that Aigbekaen had not satisfied the requirements for equitable tolling of that strict one-year deadline. (*See* ECF No. 451 (citing 28 U.S.C. § 2255(f)(1).) Now pending before the Court is Aigbekaen's Motion for Extension of Time and Immediate Resentencing Based on Guideline Amendment 2018, which he filed on June 4, 2021. (Mot. Extension, ECF No. 455.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2018). For the reasons set forth below, Aigbekaen's Motion for Extension will be DENIED.

Aigbekaen appears to have filed this Motion for Extension in an attempt to seek an extension of the one-year deadline for filing a § 2255 petition. In his Motion for Extension, Aigbekaen argues that his medical issues necessitated his placement in solitary confinement, "away from his property including his legal papers," at various points during the past year. (Mot. Extension at 1–2.) Aigbekaen argues that "mental health issues can satisfy the standard

1

for tolling" the deadline for filing a § 2255 petition. (*Id.* at 2.) He also argues that the deadline should be tolled because he was transferred between prison facilities and "quarantined for more than 4 months during which his property was seperated [sic] from him." (*Id.*)

To the extent that the Motion for Extension asks the Court to reopen Aigbekaen's period for filing a § 2255 petition, the Court denies it as moot. On January 27, 2021, Aigbekaen already filed a petition for habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Connecticut. (*See* ECF No. 453.) The District of Connecticut transferred that habeas petition to this Court on May 12, 2021, at which point this Court docked Aigbekaen's petition, decided to construe it as a § 2255 petition, and directed the government to respond to Aigbekaen's petition. (*Id.*) Because this Court will soon be considering Aigbekaen's § 2255 petition, the Court need not consider whether to extend Aigbekaen's deadline for filing that petition.

To the extent that Aigbekaen's Motion for Extension asks for substantive relief, his motion is denied. Although the primary purpose of Aigbekaen's motion appears to be seeking an extension of time, he also makes several brief substantive arguments, including that he faced improper sentencing enhancements because he decided to go to trial, rather than plead guilty. (Mot. Extension at 1, 3.) Aigbekaen also argues that the government wrongfully "constructively amended the indictment," and that he improperly received sentencing enhancements "for commission of a sex act" and having "vulnerable victims." (*Id.*) Aigbekaen asks the Court for substantive relief in the form of an "immediate resentencing" and a "grant [of] his 2255 [petition] based on ineffective assistance of counsel and illegal seizure and search as well as constructive amendment of counsel[.]" (*Id.*)

2

These complex substantive issues belong in—and appear to be discussed in—Aigbekaen's pending § 2255 petition. (*See* ECF No. 454.) Thus, the Court will wait to consider Aigbekaen's substantive arguments about his conviction and sentence in the context of ruling on his § 2255 petition, rather than his current Motion for Extension. Accordingly, Aigbekaen's pending Motion for Extension of Time and Immediate Resentencing Based on Guideline Amendment 2018 (ECF No. 455) is DENIED.

DATED this 20 day of July, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge