IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| UNITED STATES OF AMERICA | * |  |
| v. | * | CRIM. NO.  JKB-15-0462 |
| RAYMOND AIGBEKAEN, | * |  |
| Defendant. | * |  |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM AND ORDER

On February 9, 2017, Defendant Raymond Aigbekaen was convicted of various offenses related to sex trafficking and interstate prostitution. (ECF No. 228.) Now pending before this Court is Aigbekaen's third Motion for Release on Bail or Recognizance Pending Disposition of his § 2255 motion (ECF No. 471), as well as his Motion for Judicial Notice of a Fact (ECF No. 472). No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2021). For the reasons set forth below, both of Aigbekaen's motions will be DENIED.

### I.    *Motion for Release on Bail*

Prior to the instant motion, Aigbekaen filed two motions seeking release on bail while this Court considered his pending § 2255 motion. (ECF Nos. 459, 463.) In ruling on those motions, this Court explained that, "[b]efore a prisoner may be released on bail pending a collateral attack on his conviction, he must show [1] substantial constitutional claims on which he has a high probability of success, and [2] exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." (ECF No. 464 at 2 (quoting *United States v. Eleily*, 276 F. App'x 270, 270 (4th Cir. 2008).) The Court then denied both motions because Aigbekaen failed to show that he had a high probability of succeeding on his § 2255 motion. (*Id.*

1

at 2–3.)  In Aigbekaen's present motion, he argues at length that such probability of success is high.  (*See* ECF No. 471.)

Further, the Court emphasizes that granting a criminal defendant bail in this context is a discretionary power that should "be exercised very sparingly." *Cherek v. United States*, 767 F.2d 335, 337 (7th Cir. 1985).  Even if Aigbekaen's motion clearly established both a high likelihood of successfully proving his constitutional claims and the presence of exceptional circumstances, this Court would nonetheless exercise its discretion to deny Aigbekaen bail because, if released on bail, he would pose both a flight risk and a potential danger to the community.  *See Jenkins v. Harvey*, 634 F.2d 130, 132 n.3 (4th Cir. 1980) (stating that, even when a defendant's appeal may have merit, federal courts are still "not require[d] to grant the defendant's request for bail); *United States v. Fuller*, Crim. No. WWW-06-0040, 2008 WL 1149372, at *1 (D.S.C. May 16, 2008) (internal citations and quotation marks omitted) (explaining that a district court could not grant a defendant the "rare" relief of bail pending an appeal if the defendant poses "a flight risk [or a] danger to the safety of the community").

## II.  *Motion for Judicial Notice*

Aigbekaen also asks this Court to "take judicial notice of all the other cases that were reversed in both District and Circuit Courts around the country" on issues related to "Sixth Amendment jury trial violations" and section 1591(c).  This Court need not delve into the substance of Aigbekaen's arguments and case citations because courts do not need to formally take judicial notice of other courts' opinions in order to fully consider those opinions.  *See Green v. Prince George's Cnty. Off. of Child Support*, Civ. No. TDC-19-2852, 2021 WL 1062013, at *1 (D. Md. Mar. 19, 2021) (denying a motion for judicial notice because "the Court may always consider the United States Constitution and federal and state case law, so there is no need for the

Court to take judicial notice of these authorities"). Because Aigbekaen may still cite and discuss the cases that he references in his motion without this Court taking judicial notice of them, Aigbekaen's Motion for Judicial Notice (ECF No. 4712) is accordingly denied as moot.

### III.    Conclusion

For the foregoing reasons, Aigbekaen's Motion for Release on Bail or Recognizance Pending Disposition of his § 2255 motion and Motion for Judicial Notice of a Fact (ECF Nos. 471, 472) are hereby DENIED.

DATED this 12 day of August, 2021.

BY THE COURT:

James K. Bredar
Chief Judge

3