IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | **CRIM. NO. JKB-15-0462** |
| **RAYMOND AIGBEKAEN,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Currently pending before the Court is Defendant Raymond Aigbekaen's Motion for Reconsideration (ECF No. 496) of this Court's denial of his Motion for Compassionate Release (ECF No. 448). The Court also addresses Aigbekaen's correspondences insisting that this Court has miscalculated the deadline for his Motions seeking to vacate his sentence pursuant to 28 U.S.C. § 2255 (*see* ECF Nos. 492, 495), which the Court construes collectively as a Motion to Alter or Amend that aspect of its prior Orders. For the following reasons, both Motions are DENIED.

### I. *Timeliness of § 2255 Motions*

On December 2, 2021, Aigbekaen filed a "Notice Regarding Pending Motion" in which he argued that "[t]he Court stated in error that the defendant did not file a writ of certiorari in this case. A writ of certiorari filed in the case was denied on June 28th 2021." (ECF No. 492 at 1.) Because that Notice demanded no relief nor claimed that any consequences flowed from this factual correction, the Court did not address Aigbekaen's assertion. On December 8, 2021, Aigbekaen filed another such correspondence, requesting that the Clerk "please correct the Court's erroneous assertion that I did not file a writ of certiorari." (ECF No. 495 at 1.) In this correspondence, Aigbekaen further argued that his filing of a writ of certiorari means that "the

1

deadline to file a motion [under §] 2255 is June 8th 2022." (*Id.*) While the Court accepts that Aigbekaen filed a petition for a writ of certiorari in this matter on June 8, 2021, *see United States v. Aigbekaen*, App. No. 17-4109, ECF No. 281 (4th Cir. filed June 28, 2021), it clarifies that such filing is not legally relevant to determining the deadline for his § 2255 motion.

28 U.S.C. § 2255(f) imposes a "1-year period of limitation [ ] to a motion under this section." Relevant here, that one-year period runs from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). "Finality attaches when [the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." *Clay v. United States*, 537 U.S. 522, 527 (2003). Aigbekaen appears to read this language to suggest that the limitations period runs from the denial of *any* writ of certiorari, but various courts have confirmed the only logical reading of this passage: that the one-year deadline runs from the denial of a *timely* petition for a writ of certiorari. *See United States v. Buckles*, 647 F.3d 883, 888 (9th Cir. 2011) ("Nor did the Supreme Court's denial of [petitioner's] untimely petition for certiorari create a new date on which the judgment of conviction became final.") (cleaned up); *United States v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016) ("[W]e hold that when a federal defendant files an untimely certiorari petition seeking direct review of his conviction, and the Supreme Court gives no indication that it excused the untimeliness, the denial of the petition without comment does not affect finality for purposes of § 2255(f)(1)'s one-year limitations period."); *Hamerter v. United States*, Civ. No. DKC-07-0111, 2007 WL 1521059, at *1 (D. Md. May 21, 2007) ("[Petitioner's] untimely-filed petition for a writ of certiorari did not serve to toll the limitations period found in AEDPA."). Indeed, the Ninth Circuit has explained the absurdity of Aigbekaen's preferred reading, which would allow

2

petitioners to "indefinitely delay the commencement of the one-year period by simply waiting to file [a] notice until after the normal expiration date." *Buckles*, 647 F.3d at 889.

Aigbekaen provides no reason for this Court to conclude that his petition for a writ of certiorari—filed more than a year after the time prescribed by Supreme Court Rule 13, *see* Sup. Ct. R. 13.1.—was timely for purposes of finality under § 2255. Accordingly, the Court reaffirms its previous assessment that the deadline for a petition under § 2255 set by 28 U.S.C. § 2255(f)(1) was February 19, 2021. (*See* ECF No. 486 at 1 (concluding that Aigbekaen's "judgment became final on February 19, 2020, ninety days after the Fourth Circuit issued its decision").)

## *II.  Reconsideration of Compassionate Release*

Turning to Aigbekaen's Motion for Reconsideration, the Court finds no grounds for reconsidering its prior Memoranda and Orders denying compassionate release. (ECF Nos. 427, 447, 448.) The only substantively new allegations Aigbekaen raises in his present Motion relate to "new evidence from the psychology department here at FCI Danbury." (ECF No. 496 at 1.) This evidence appears to be the mental health diagnosis that also formed Aigbekaen's recent Motion for a New Trial. (*see* ECF Nos. 488, 494.) This information fails to affect the Court's assessment of the propriety of compassionate release.

As this Court has previously explained in detail (*see* ECF No. 335), motions for compassionate release are governed by the framework set out in 18 U.S.C. § 3582(c)(1)(a). Under this section, a district court may modify a convicted defendant's sentence provided that two conditions are met. First, the defendant must show that "extraordinary and compelling reasons warrant such a reduction." *Id.* Second, the court must "consider the factors set forth in section 3553(a) to the extent that they are applicable" and find that those factors warrant the reduction of the defendant's sentence. *Id.* Unless both predicates are true, the Court may not grant a moving

defendant's compassionate release. Here, Aigbekaen's Motion does not alter the Court's analysis on either front.

### *A. Extraordinary and Compelling Reasons*

The Court has previously expressed doubts about whether Aigbekaen's medical conditions, which include "hypertension, sleep apnea, obesity, tuberculosis, [and] neumocytic anemia," (ECF No. 496 at 1), constitute "extraordinary and compelling reasons" for granting compassionate release. (ECF Nos. 427 at 3, 447 at 3–4.) Aigbekaen's newly-confirmed mental health issues do not alleviate these doubts as, "[g]iven how speculative the relationship is between mental illness and the body's ability to fight COVID-19," other courts have found such issues generally do not constitute "extraordinary and compelling reasons." *United States v. Weaver*, Crim. No. CMH-17-0235, 2020 WL 4810123, at *2 (E.D. Va. Aug. 18, 2020) (quoting *United States v. Busby*, Crim. No. 15-0353, 2020 WL 3883652, at *3 (D. Nev. July 8, 2020)). Although emerging science has led the Center for Disease Control to conclude that "[h]aving mood disorders, including depression, and schizophrenia spectrum disorders can make you more likely to get severely ill from COVID-19," it is not clear that Aigbekaen's diagnosis of "PTSD, with Dissociative Symptoms [and] Derealization" falls within this guidance. *See* Coronavirus Disease (COVID-19): People at Increased Risk for Severe Illness, CTRS. FOR DISEASE CONTROL, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Dec. 8, 2021); (*see also* ECF No. 488-1 at 2.) Accordingly, the Court remains skeptical that Aigbekaen has provided "extraordinary and compelling reasons" warranting compassionate release.

### *B. Section 3553(a) Factors*

Even assuming, *arguendo*, that Aigbekaen has established that extraordinary and compelling reasons warrant compassionate release, he fails to provide the Court with any information that would alter the Court's original assessment of the § 3553(a) factors which led it to impose a below-Guidelines sentence in this case. (*See* ECF No. 427 at 4 (describing and reaffirming this Court's original § 3553(a) analysis); ECF No. 447 (same).) Rather, the thrust of Aigbekaen's arguments are that his conviction was improperly obtained because of a constructive amendment of his indictment and that this Court misapplied certain sentencing enhancements in determining the appropriate Guidelines sentence. (*See* ECF No. 496 at 2–6.) Such arguments are not appropriately raised in a motion for compassionate release.

This is because such a motion is the wrong method for "seek[ing] a modification of [a] sentence based on contentions that attack the validity of the same." *United States v. Springer*, Crim. No. FWV-17-0212, 2021 WL 3185901, at *3 (S.D.W. Va. July 26, 2021). Rather, while "[t]he compassionate release statute allows the court to consider extraordinary and compelling reasons warranting compassionate release, [ ] it does not replace the established mechanism for challenging the validity of a sentence. Nor does it allow the defendant to make arguments that were, or could have been, raised in direct appeal or collateral review." *United States v. Ferguson*, Crim. No. REP-04-1301, 2021 WL 1701918, at *4 (E.D. Va. Apr. 29, 2021) (collecting cases). Thus, Aigbekaen's arguments that his conviction was wrongly obtained and his sentence was wrongly imposed cannot justify *compassionate release* and must be raised through another motion. Notably, Aigbekaen has raised materially identical claims in his currently pending Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255. (*See* ECF No. 480 at 10, 13–14.)

The only point raised in the Motion for Reconsideration that is not a direct attack on Aigbekaen's sentence is his suggestion that certain sentencing enhancements applied to his sentence were amended following his conviction and would no longer apply to his offense conduct. (*See* ECF No. 496 at 3.) If true, this would potentially warrant reconsideration of the § 3553(a) factors as those factors direct the Court to consider, *inter alia*, "the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines." *See* 18 U.S.C. § 3553(a)(4)(A). However, even a brief interrogation of Aigbekaen's claim shows that it is frivolous.

Specifically, Aigbekaen asserts that United States Sentencing Guidelines ("USSG") § 2G1.3(b)(4) was amended in 2018 to "NOT apply in a conviction under 1591 [as] sex trafficking necessarily involves the commission of a sex act." (ECF No. 496 at 3 (emphasis in original).) Aigbekaen appears to refer to Amendment 701 to the Sentencing Guidelines, which was intended, in part, to clarify "that § 2G1.3(b)(4)(B), which provides a two-level enhancement if the offense involved a commercial sex act, does not apply if the defendant is convicted under 18 U.S.C. § 1591."[1] *See* U.S. SENT'G GUIDELINES MANUAL Amendment 701 (U.S. SENT'G COMM'N Nov. 1, 2007).

To the extent Aigbekaen's argument is premised on Amendment 701, it fails for two independent reasons. First, Amendment 701 was effective as of November 1, 2007, long before Aigbekaen was sentenced. *Id.* Thus, any averment that this Amendment rendered § 2G1.3(b)(4)(B) inapplicable to his sentence is a collateral attack on that sentence and not grounds for compassionate release based on a change in sentencing law. *See Ferguson*, 2021 WL 1701918,

---

[1] Even if this enhancement were not applied, Aigbekaen's 180-month sentence would remain within the Sentencing Guidelines. *See* U.S.S.G. Sentencing Table (recommending a sentence of 151-188 months for an Offense Level of 35 and a Criminal History Category of I).

6

at *4. Further, the two-level sentencing enhancement Aigbekaen received was not on the basis of § 2G1.3(b)(4)(B), but rather its neighbor, § 2G1.3(b)(4)(A). *See* PSR ¶ 30; *see also United States v. Williams*, 783 F. App'x 269, 276 (4th Cir. 2019) (confirming that § 2G1.3(b)(4)(A) applies to § 1591 convictions because "a conviction for sex trafficking of minors under 18 U.S.C. § 1591 does not require that the victim actually commit a sex act" and "noting that every appellate court to consider [the] double counting argument has rejected it"). Thus, even if this argument was appropriately before the Court in Aigbekaen's currently pending Motion, it is substantively meritless.

In sum, Aigbekaen's Motion for Reconsideration provides the Court with no grounds to reconsider its multiple prior denials of compassionate release. The bulk of this Motion raises collateral attacks on Aigbekaen's sentence that are not cognizable as grounds for compassionate release and that Aigbekaen has already raised to this Court in his currently pending Motion to Vacate under 28 U.S.C. § 2255.

### III. Conclusion

For the foregoing reasons, Aigbekaen's Motion for Reconsideration (ECF No. 496) and correspondences construed collectively as a Motion to Alter or Amend (ECF Nos. 492, 495), are DENIED.

DATED this 13 day of December, 2021.

BY THE COURT:

_____
James K. Bredar
Chief Judge