IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * |  |
| v. | * | CRIM. NO. JKB-15-0462 |
| RAYMOND AIGBEKAEN, | * |  |
| Defendant. | * |  |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM AND ORDER**

Pending before the Court is Defendant Raymond Aigbekaen's Motion for Bail pending the appeal of his most recent § 2255 motion, which is presently before the Fourth Circuit Court of Appeals. (ECF No. 573; *see* Notice of Appeal, ECF No. 569.) No hearing is necessary. *See* Local Rules 105.6, 207 (D. Md. 2021). The Motion will be denied.

### I.   *Legal Standard and Analysis*

Aigbekaen has previously filed several motions seeking release on bail pending the resolution of § 2255 motions in this case. (*See* ECF Nos. 459, 463, 471, 540, 559.) In ruling on those prior motions, the Court has explained that, "[b]efore a prisoner may be released on bail pending a collateral attack on his conviction, he must show [1] substantial constitutional claims on which he has a high probability of success, and [2] exceptional circumstances making a grant of bail necessary for the habeas remedy to be effective." (ECF No. 464 at 2 (quoting *United States v. Eleily*, 276 F. App'x 270, 270 (4th Cir. 2008)).) "Courts generally have defined 'exceptional reasons' as circumstances which are 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Vilaiphone*, Crim. No. MR-08-0232, 2009 WL 412958, at *2 (W.D.N.C. Feb. 18, 2009)

1

(quoting *United States v. Larue*, 478 F.3d 924, 926 (8th Cir. 2007)). As the petitioner, Aigbekaen bears the burden of showing that he satisfies both of these requirements.

Aigbekaen has not met that burden. He argues that he is likely to succeed on the merits of his pending § 2255 appeal because, during a prior Fourth Circuit oral argument in this case, Judge Wynn allegedly stated, "I don't understand why the defendant didn't appeal . . . the Facebook warrant," an issue that is presented in the § 2255 motion now on appeal. (ECF No. 573; *see also* Mem. & Order, ECF No. 564, 28–30.) Aigbekaen asserts that Judge Wynn's comment "indicates that there is a likelihood that relief would be granted[.]" (ECF No. 573.) The Court disagrees for the reasons it set forth in its Memorandum denying the § 2255 motion at issue, in which it concluded that Aigbekaen's ineffective assistance of counsel claim based on the "Facebook warrant" issue was without merit. (*See* ECF No. 564, 28–30.)

With respect to exceptional circumstances, Aigbekaen argues that various health conditions put him at high risk for serious illness due to COVID-19, and that his present solitary confinement "exacerbates [his] mental issues." (ECF No. 573.) While the Court appreciates these concerns, it concludes that they do not rise to the level of "exceptional circumstances" warranting Aigbekaen's release pending appeal.

## II. Conclusion

For the foregoing reasons, it is hereby ORDERED that Aigbekaen's Motion for Bail Pending Appeal (ECF No. 573) is DENIED.

Dated this 13 day of January, 2023.

BY THE COURT:

James K. Bredar
Chief Judge

2