IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-0462 |
| RAYMOND AIGBEKAEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

### MEMORANDUM AND ORDER

Pending before the Court are two Motions by Raymond Aigbekaen: a Motion to Reconsider the Court's denial of his Motion to Vacate pursuant to 28 U.S.C. § 2255, (ECF No. 583), and a Motion to Recuse (ECF No. 588). The Motions are ripe for decision and no hearing is needed to resolve them. *See* Loc. Rs. 105.6, 207 (D. Md. 2021).

Aigbekaen's Motion to Reconsider will be dismissed for lack of jurisdiction. In *United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003), *abrogated in part on other grounds by United States v. McRae*, 793 F.3d 392 (4th Cir. 2015), the Court of Appeals for the Fourth Circuit held that "a district court has no discretion to rule on a Rule 60(b) motion that is functionally equivalent to a successive application" for relief under § 2255. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application[.]" *Id.* at 207. Although it is framed as a Motion to Reconsider under Rules 54(b), 59(e), and 60(b), the instant Motion is in substance a relitigation of the merits of claims that the Court considered and addressed in its Memorandum and Order denying Aigbekaen's original § 2255 petition. (ECF No. 564.) Having concluded that the Motion is effectively a successive § 2255 petition, the Court "must either dismiss the motion for lack of jurisdiction or transfer it" to the Fourth Circuit for

1

consideration under § 2244(b)(3). *Winestock*, 340 F.3d at 207. Because the Motion raises no substantially new claims for relief, the Court will dismiss it for lack of jurisdiction.

Aigbekaen's Motion to Recuse will be denied, both because it lacks merit and because to grant it would lead to absurd results. Aigbekaen contends that this Court should recuse itself because "the trial judge [has been] the recipient of numerous and unprecedented attacks and insults by the defendant" which "would have affected any judge personally." (ECF No. 588 at 2.) In support, Aigbekaen cites to a single inapposite case, *Mayberry v. Pennsylvania*, in which the Supreme Court held that a trial judge who "waits until the end of the trial" to hold a contempt proceeding for "unseemly conduct [which may have] left personal stings [should] ask a fellow judge to take his place." 400 U.S. 455, 463–64 (1971). Those circumstances are not present here. The proper standard, as set forth in 28 U.S.C. § 455(a), requires a judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." *See also United States v. Cherry*, 330 F.3d 658, 665 (4th Cir. 2003) ("The inquiry is whether a reasonable person would have a reasonable basis for questioning the judge's impartiality[.]"). The record in this case evinces that the Court has patiently adjudicated more than seventy-five motions, requests, petitions, and correspondences of Aigbekaen's over the course of six years without displaying any lapse in impartiality or decorum. *See generally* Docket No. 15-cr-00462-JKB-2. As such, the Court finds no reasonable basis on which to question its impartiality. Further, the Court is not inclined to open the door to a world of perverse incentives by granting Aigbekaen's requested relief. Under Aigbekaen's proposed recusal regime, any litigant who wished to proceed before a different judge could simply berate and insult their assigned judge and then demand her recusal. Indeed, denigration and abuse would become efficient judge-shopping tools. Therefore, in the

absence of any evidence of resulting impartiality, the Court does not find that Aigbekaen's "attacks and insults" are grounds for recusal. (ECF No. 588 at 2.)

Accordingly, it is hereby ORDERED that Aigbekaen's Motion for Reconsideration (ECF No. 583) is dismissed for lack of jurisdiction, and his Motion to Recuse (ECF No. 588) is denied.

DATED this 24 day of May, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge