IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIM. NO. JKB-15-0462 |
| RAYMOND AIGBEKAEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Raymond Aigbekaen has moved the Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). (ECF No. 592.) That statute empowers courts to "modify a term of imprisonment" where a defendant was sentenced "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a).]" Aigbekaen was sentenced to 180 months' incarceration and 5 years' supervised release for his convictions related to sex trafficking. (*See* Judgment, ECF No. 228.) In its Presentence Report, the United States Probation Office assigned Aigbekaen a guidelines range with a floor of 188 months in prison based on a total offense level of 36 and a criminal history category of I. (*See* Am. Presentence R. & R., ECF No. 226, ¶ 94.) Aigbekaen claims that this guidelines calculation relied on "inapplicable enhancements" which the Court "should have detected at sentencing," and that his true offense level should have been either 30 or 32, which would have yielded a range of either 97 to 121 months or 121 to 151 months, respectively. (ECF No. 592.)

Aigbekaen's Motion fails to explain which sentencing enhancements were wrongly applied and why they did not apply. (*See generally id.*) As such, the Court cannot determine whether his guidelines range would in fact be different were he sentenced today. Further, it is unclear whether

1

Aigbekaen's argument is that his guidelines range has "subsequently been lowered" such that § 3582(c)(2) applies, since he contends that the Court "should have detected" the alleged error at sentencing. (*Id.*) Finally, even assuming that Aigbekaen's contention had merit, the Court would not grant a sentencing reduction because Aigbekaen has not provided the Court with any information that would alter its original assessment of the § 3553(a) factors in his case, which led it to impose a sentence of 180 months. (*See* ECF No. 427 at 4 (describing and reaffirming the Court's original § 3553(a) analysis); ECF No. 447 (same); ECF No. 497 (same).)

For these reasons, it is hereby ORDERED that Aigbekaen's Motion for Sentence Modification (ECF No. 592) is DENIED.

Dated this 3 day of August, 2023.

BY THE COURT:

_____
James K. Bredar
Chief Judge