IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| v. | * | Crim. No. JKB-15-0462 |
| **RAYMOND AIGBEKAEN,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Raymond Aigbekaen, who is currently incarcerated at FCI Englewood in Littleton, Colorado, has filed a correspondence with the Court entitled "Request for Judicial Intervention" (the "Request").[1] (ECF No. 614.) In the Request, Petitioner asks the Court to order the Bureau of Prisons ("BOP") to give him access to a CPAP machine,[2] and to order that BOP provide treatment for various other physical and mental health conditions. (*Id.*)

To the extent that the Request seeks injunctive relief mandating that the BOP provide Petitioner certain medical treatment, the proper vehicle would be a *Bivens* claim alleging a violation of the Eighth Amendment. The Fourth Circuit has stated in several unpublished opinions that conditions of confinement claims are not cognizable in habeas proceedings, and has noted that "[s]even of the ten circuits that have addressed the issue in a published decision" have reached the same conclusion. *Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019); *see also Crooker v. Stewart*, Civ. No. ELH-14-1972, 2015 WL 1210209, at *3 (D. Md. Mar. 13, 2015) (construing

---

[1] Petitioner has filed several other motions that are currently pending before the Court. This Memorandum and Order addresses only the Request; Petitioner's other motions will be addressed separately.

[2] A CPAP machine "uses mild air pressure to keep breathing airways open" while one sleeps, and may be prescribed "to treat sleep-related breathing disorders including sleep apnea." *CPAP*, National Heart, Lung, and Blood Institute, https://www.nhlbi.nih.gov/health/cpap.

an inmate's request for injunctive relief mandating medical treatment as a *Bivens* claim and noting that "[d]istrict courts throughout [t]he Fourth Circuit have been unwilling to permit conditions [of confinement] claims to proceed under § 2241"). Even if the Court construed Petitioner's Request as a *Bivens* claim, the proper venue for a *Bivens* action would be the District of Colorado, where Petitioner is incarcerated. *See Gonzalez v. Holder*, 763 F. Supp. 2d 145, 152–53 (D.D.C. 2011) (holding that the proper venue for a *Bivens* action regarding conditions of confinement was the district in which the petitioner was incarcerated); *Bey v. Kemper*, Civ. No. 1:21-00069, 2021 WL 625256, at *3 (S.D. W. Va. Feb. 1, 2021) (same).

And, even assuming that the conditions of confinement claim is cognizable as a habeas corpus claim under 28 U.S.C. § 2241, the proper venue would still be Petitioner's district of confinement, *i.e.*, the District of Colorado. *See United States v. Davis*, Crim. No. 516-00065-KDB-DCK1, 2023 WL 5061985, at *2 (W.D.N.C. Aug. 8, 2023), *aff'd*, No. 23-6813, 2023 WL 7000783 (4th Cir. Oct. 24, 2023) ("To the extent that Defendant wishes to a raise a claim that conditions in the prison have resulted in an independent violation of his Eighth Amendment rights, he would need to do so in a habeas petition pursuant to 28 U.S.C. § 2241. That petition must be filed in the district of confinement.") (citing *United States v. Little*, 392 F.3d 671, 679 (4th Cir. 2004)); *see also Head v. Rakowski*, ___ F. Supp. 3d ___, Civ. No. JKB-22-00566, 2023 WL 638830, at *4 (D. Md. Sept. 29, 2023) (holding that the court had no jurisdiction to entertain a habeas claim "because [the petitioner] is no longer incarcerated in the District of Maryland").

Accordingly, to the extent that the Request asks this Court to order injunctive relief at FCI Englewood, it is hereby ORDERED that the Request is DENIED, without prejudice to Petitioner raising the claims in the appropriate federal judicial district.

The Court also notes that Petitioner makes several references in the Request to his suicidality. Out of concern for Petitioner's safety, the Court will send a copy of the Request, along with a short cover letter, to the Warden of FCI Englewood.

Dated this 12 day of January, 2024.

BY THE COURT:

*James K. Bredar*
James K. Bredar
Chief Judge