IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No. JKB-15-0462 |
| RAYMOND AIGBEKAEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

In September 2016, a federal jury convicted petitioner Raymond Aigbekaen of several sex trafficking offenses, and this Court sentenced him to 180 months (15 years) imprisonment the following February. (ECF Nos. 189, 228.) Now pending before the Court are various motions filed pro se by Aigbekaen (ECF Nos. 599, 600, 603, 607, 608), and a motion for leave to file an amicus brief by Reverend Andrew Edmonds (ECF No. 621).[1] The motions will be denied, with the exception of a request for the Court to unseal an earlier Memorandum and Order in this case, which will be granted in part. The Court will consider Aigbekaen's motions for sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines, and the related request for access to transcripts (ECF Nos. 610, 613, 617), at a later date.

I.   **Correspondence on Compassionate Release (ECF No. 599)**

This correspondence is entitled "Motion attempting to explain 3582(c)(2) order and memorandum." To the extent that this correspondence seeks to have the Court reconsider its August 4, 2023 Memorandum and Order denying a request for compassionate release (ECF No. 598), the correspondence will be denied. Aigbekaen argues that the Court improperly applied a

---

[1] Edmonds mailed the Motion, together with the proposed amicus brief, by letter dated January 10, 2024 to the Clerk.

vulnerable victim enhancement and a leadership enhancement, and failed to consider his diminished mental capacity at sentencing. The Court has already considered these arguments in relation to an earlier § 2255 motion and explained that (1) contrary to Aigbekaen's arguments, these issues were fully litigated by his trial counsel at sentencing and by Aigbekaen's pro se supplemental briefing on appeal, and (2) the Court expressly stated at sentencing that it would have arrived at the sentence of 15 years imprisonment without considering the sentencing guidelines. (August 4, 2022 Memorandum & Order, ECF No. 564 at 24–25.) The Court sees no reason to depart from these conclusions now, and thus this correspondence, to the extent it is a Motion for Reconsideration, will be denied.

## II.     Motion to Appoint Counsel (ECF No. 600)

Aigbekaen has filed a Motion to Appoint Counsel. (ECF No. 600.) "There is no general constitutional right to appointed counsel in post-conviction proceedings." (April 18, 2022 Memorandum & Order, ECF No. 539 at 3 (quoting *United States v. Wylie*, Crim. No. KDB-18-0054, 2021 WL 5406880, at *1 (W.D.N.C. Nov. 18, 2021)); *see also United States v. Legree*, 205 F.3d 724, 730 (4th Cir. 2000) ("It is well settled that a criminal defendant has no right to counsel beyond his first appeal."). That said, the Court has discretion to appoint counsel in post-conviction proceedings if the interests of justice so require. *United States v. Kelly*, Crim. No. JKB-15-0647, 2023 WL 4373389, at *2 (D. Md. July 6, 2023).

The Court finds that appointment of counsel is not merited here. As the Court has previously stated, "the appointment of counsel would not be in the interest of justice because the absence of legal counsel is not the barrier preventing Aigbekaen from obtaining" relief. (ECF No. 539 at 3.) Indeed, the Court has previously observed that despite Aigbekaen's confinement and his mental health challenges, "he routinely makes rational filings in this Court reflecting a

profound understanding of both the facts and law related to this case." (August 4, 2022 Memorandum & Order, ECF No. 564 at 47.) Aigbekaen does not require the assistance of counsel to continue advocating for himself.[2] Accordingly, the Motion will be denied.

### III. Motion to Unseal Denial Order and Request for Case Related Documents and Discovery (ECF No. 603); Emergency Motion to Compel Disclosure of Grand Jury Transcripts (ECF No. 608)

Aigbekaen requests access to discovery in his case. Specifically, he seeks access to a statement by the minor victim that he believes shows he did not have a culpable state of mind, and video hotel footage which he claims the hotel gave to the police but that the Government never provided in discovery, and the Statement of Reasons as to his co-defendant, Marcell Greene. (ECF No. 603.) He also seeks access to the grand jury testimony of the minor victim. (ECF No. 608.)

As the Court has explained previously:

> Copies of court records may be provided to an indigent litigant at government expense upon a showing by the litigant of a particularized need for the documents. *Jones v. Superintendent, Va. State Farm*, 460 F.2d 150, 152–53 (4th Cir. 1972). An indigent, however, is not entitled to copies merely to comb the record in the hope of discovering some error. *See United States v. Glass*, 317 F.2d 200, 202 (4th Cir. 1963).

(August 23, 2019 Order, ECF No. 354 at 1.)

The Court will deny the request for statements of the minor victim and the grand jury testimony that he believes reflects on his state of mind. The Court has already considered and rejected Aigbekaen's arguments about his state of mind at the time of the offense. (ECF No. 564.) The Court explained that this argument "is procedurally defaulted because Aigbekaen did not raise it at trial or on direct appeal despite the fact that these original proceedings took place following

---

[2] In so stating, the Court in no way means to foreclose the possibility that it would be appropriate for the Federal Public Defender to supplement Aigbekaen's motions for sentence reduction pursuant to Amendment 821 to the U.S. Sentencing Guidelines. As stated at the beginning of this Memorandum and Order, the Court will consider those motions at a later date.

3

the decision in *Rosemond*." (*Id.* at 44 (citing *Rosemond v. United States*, 572 U.S. 65 (2014).) The Court went on to explain that this argument is deficient on the merits as well, because Aigbekaen does not dispute that he had a reasonable opportunity to observe the victim, which satisfies the knowledge requirement of the charged offense, 18 U.S.C. § 1591. (*Id.* at 45.) Thus, Aigbekaen fails to show that he has a need for this discovery given the statutory standard.

The request for video footage will also be denied. Aigbekaen states that the Government is in possession of exculpatory hotel room video footage that it failed to hand over to him or his defense counsel. (*See* ECF No. 603 at 2.) But he does not explain what the video shows or how it would be exculpatory. (*Id.*) The bare allegation that the Government failed to turn over exculpatory evidence is not enough to warrant an order mandating discovery.

The Court will also decline to provide the Statement of Reasons as to his co-defendant, Marcell Greene. These documents are typically docketed under seal, and there is no general right for other co-defendants to have access to a Statement of Reasons. The Statement of Reasons often contains sensitive information, and the Court must consider Greene's interest in confidentiality. Additionally, the Court has already considered and discussed Aigbekaen's arguments based on the disparity between his sentence and that of his co-defendant, and explained why the difference in sentence length was warranted. (ECF No. 539 at 12–13.)

Finally, Aigbekaen asks for the "unsealing of the denial of [his] last [§] 3582(c)(1) motion." (ECF No. 603 at 1.) It appears that Aigbekaen is referring to the Court's Memorandum and Order dated April 18, 2022, which was docketed under seal. (ECF No. 539.) Upon review of that document, the Court finds that, while some sensitive information continues to warrant sealing, most of the document no longer needs to be sealed. Thus, the Court will direct the Clerk to docket

a publicly viewable version of the August 18, 2022 Memorandum and Order, with limited redactions for certain sensitive information.

## IV.   Motion for New Trial (ECF No. 607)

Aigbekaen requests a new trial because of newly discovered evidence that he claims points to his actual innocence. (ECF No. 607.) As the Court has previously explained:

> Pursuant to Federal Rule of Criminal Procedure 33(a) the Court may vacate a judgment and grant the Defendant a new trial "if the interest of justice so requires." The Fourth Circuit has held that a district court must "exercise its discretion to grant a new trial 'sparingly.'" *United States v. Wilson*, 118 F.3d 228, 237 (4th Cir. 1997) (quoting *United States v. Arrington*, 757 F.2d 1484, 1486 (4th Cir. 1985)). Further, the Fourth Circuit has explained that a new trial should be granted "only when the evidence weighs heavily against the verdict." *Arrington*, 757 F.2d at 1486.

(August 11, 2020 Memorandum & Order, ECF No. 411 at 2–3.)

In support of his argument for a new trial, Aigbekaen cites to the March 27, 2023 findings of the U.S. Department of Veterans Affairs (the "VA") that he is 100% disabled because of service-connected posttraumatic stress disorder ("PTSD") as of June 15, 2022. (ECF No. 607-1.) This argument is defective for multiple reasons. First, such a motion generally must be made within three years of the verdict, making this Motion untimely by several years. *See* Fed. R. Crim. P. 33(b)(1). Second, even assuming Aigbekaen is entitled to equitable tolling, the VA's findings apply only from June 15, 2022 onwards (*see* ECF No. 607-1), meaning that the VA's findings provide no evidence that he also suffered from PTSD at the time of the offense conduct in 2015. Finally, even if Aigbekaen suffered from PTSD in 2015, it is not clear how this condition would establish his actual innocence, as he has not explained how his PTSD would have prevented him from forming the mens rea necessary to sustain a conviction under 18 U.S.C. § 1591. Thus, Aigbekaen has failed to show that the "evidence weighs heavily against the verdict," *Arrington*,


757 F.2d at 1486, which is what he must do if he argues for a new trial on the basis of newly discovered evidence. Accordingly, this Motion will be denied.

V.   **Motion for Leave to File Amicus Brief**

Andrew Edmonds, "a member of the Veterans Justice Initiative ["VJI"] and a former colleague and long-standing friend of Defendant Raymond Aigbekaen" has moved for leave to file an amicus brief in support of Aigbekaen (Mot. for Leave to File Amicus Brief at 1). The Motion will be denied.

District courts have discretion to permit the filing of amicus brief by a third party. *American Humanist Ass'n v. Md.-Nat'l Capital Park & Planning Comm'n*, 303 F.R.D. 266, 269 (D. Md. 2014). There is no Federal Rule of Civil Procedure that applies to motions for leave to appear as an amicus, so district courts "often look for guidance to Rule 29 of the Federal Rules of Appellate Procedure, which applies to amicus briefs at the federal appeals level." *Id.* (collecting cases). Under that rule, a proposed amicus should state "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). District courts have allowed the participation of amici when "they provide helpful analysis of the law, they have a special interest in the subject matter of the suit, or existing counsel is in need of assistance." *American Humanist Ass'n*, 303 F.R.D. at 269 (quotation omitted). If, on the other hand, the Court does not find the "proffered information timely and useful," the motion "should not be granted." *Id.* (quotation omitted).

Edmonds states that he served alongside Aigbekaen in the Navy and witnessed his "subsequent challenges as a disabled veteran." (ECF No. 621 at 1.) The VJI "is dedicated to advocating for veterans who are disproportionately affected by the justice system." (*Id.*) Edmonds

6

asserts that the VJI "can provide valuable insights into how the justice system impacts veterans, specifically relating to sentencing and rehabilitation." (*Id.* at 2.)

The Court commends Edmonds's desire to advocate on behalf of his friend, and his organization's interest in supporting veterans involved in the criminal justice system. That said, the Court could not be more familiar with the circumstances of Aigbekaen's conviction, sentencing, and confinement. The case has been litigated essentially continuously for the past six years, with near-monthly filings since Aigbekaen's sentencing in February 2017, including multiple trips to the Fourth Circuit. The Court is confident that the record is complete and that it is as informed as it needs to be. Further, the proposed brief (ECF No. 621-1) largely focuses on issues that this Court has already addressed in prior opinions, including alleged sentencing errors (*see* ECF No. 564 at 23–26), the disparity between Aigbekaen's sentence and that of his co-defendant (ECF No. 539 at 12–13), and Aigbekaen's health conditions and vulnerability to COVID-19. (*Id.* at 8–10; April 14, 2021 Memorandum & Order, ECF No. 447 at 5.) The Court is not in need of any additional briefing on these issues. Accordingly, the Court will deny Edmonds's Motion for Leave to File Amicus Brief.

**VI.   Conclusion**

For the foregoing reasons, it is hereby ORDERED that:

A. The following motions are DENIED:

1. Correspondence on Compassionate Release (construed as a Motion for Reconsideration of the Court's August 4, 2023 Memorandum and Order, ECF No. 598) (ECF No. 599);

2. Emergency Motion to Appoint Counsel (ECF No. 600);

3. Motion for New Trial (ECF No. 607);

    4. Emergency Motion to Compel Disclosure of Grand Jury Transcripts (ECF No. 608); and

    5. Edmonds's Motion for Leave to File Amicus Brief (ECF No. 621).

B. The Motion to Unseal Denial Order and Request for Case Related Documents and Discovery (ECF No. 603) is GRANTED IN PART insofar as the Court will direct the Clerk to docket a publicly viewable version of the Court's April 18, 2022 Memorandum and Order (ECF No. 539) with certain limited redactions. In all other respects the Motion is DENIED.

C. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Aigbekaen and to Edmonds.

DATED this  21  day of February, 2024.

BY THE COURT:

_James K. Bredar_
James K. Bredar
Chief Judge