IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | |
| | | Crim. No. JKB-15-0462 |
| RAYMOND AIGBEKAEN, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Petitioner Raymond Aigbekaen has filed a "Motion for Return of Property Under Rule 41(g)." (ECF No. 665.) The Motion will be denied for the following reasons.

Federal Rule of Criminal Procedure 41(g) states as follows:

> **Motion to Return Property.** A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

As is clear from the plain text of the rule, a Rule 41(g) motion "must be filed in the district where the property was seized." *Id.*; *accord* 3A Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 690 (4th ed. 2025) (collecting cases).

Here, Aigbekaen seeks the return of his electronic devices that the Government seized from him on May 19, 2015. (ECF No. 665.) But that seizure took place at JFK International Airport in New York. (*See* ECF No. 62 at 1; ECF No. 80 at 15.) Even assuming, on a liberal reading of Aigbekaen's Motion, that he is actually seeking the return of property from a subsequent seizure in August 2015, that second seizure occurred in Houston, Texas. *See Aigbekaen v. United States*, Civ. No. JKB-21-2890, 2023 WL 1420494, at *1 (D. Md. Jan. 31, 2023), *aff'd*, No. 23-6216, 2024

WL 655672 (4th Cir. Feb. 16, 2024). For that reason, whether the relevant seizure occurred in New York or in Texas, all roads lead to the same place: the District of Maryland is not the proper venue for Aigbekaen's request. *See id.* (denying Aigbekaen's earlier Rule 41(g) request for the same reason); *see also Cauthen v. United States*, Crim. No. DKC-12-0353, 2017 WL 445239, at *1 (D. Md. Feb. 2, 2017) (denying a Rule 41(g) request because the petitioner's property was seized in another district); *Kujundzic v. United States*, Civ. No. PJM-14-2054, 2015 WL 5052744, at *1 (D. Md. Aug. 24, 2015) (same); *Wiebe v. Nat'l Sec. Agency*, Civ. No. RDB-11-3245, 2012 WL 1670046, at *1 (D. Md. May 11, 2012) (same).

Furthermore, although the Fourth Circuit has recognized an exception to the district-of-seizure rule when there is a "pending criminal proceeding," *United States v. Ebert*, 39 F. App'x 889, 892 (4th Cir. 2002) (quoting *United States v. Garcia*, 65 F.3d 17, 20 (4th Cir. 1995)), such an exception is inapplicable here, where Aigbekaen was tried and convicted (and had that conviction affirmed) years ago, and where there is no other pending motion or other matter (beside the instant Motion) in this case, *see Kujundzic*, 2015 WL 5052744, at *1 (holding there were no "pending proceedings" when the petitioner's conviction had already been affirmed).

Because the property sought to be returned was not seized in this District, and because there is no criminal proceeding pending, it is ORDERED that Aigbekaen's "Motion for Return of Property Under Rule 41(g)" (ECF No. 665) is DENIED.

DATED this __17__ day of June, 2025.

BY THE COURT:

James K. Bredar
United States District Judge

2