IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| v. | * |
| RAYMOND AIGBEKAEN, | *   Crim. No. JKB-15-0462 |
| Defendant. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Now pending before the Court is Petitioner Raymond Aigbekaen's "Motion for Judicial Notice," as supplemented by a letter from Aigbekaen dated June 9, 2025. (ECF Nos. 667–68.) The Court understands the basic substance of it to be a request that the Court reconsider its Memorandum and Order of May 8, 2025, which reduced by six months the terms of Aigbekaen's prison sentence. (ECF No. 659.) The Motion will be denied.

In deciding not to grant him the longer sentence reduction he had requested, the Court considered, among other things, Aigbekaen's prison disciplinary record, most significantly a May 2022 attempted assault on a correctional officer. (*See* ECF No. 659 at 10–12.) In his current Motion, Aigbekaen argues that the evidence of the May 2022 infraction on which the Court relied—a Bureau of Prisons "Discipline Hearing Officer ["DHO"] Report" (ECF No. 657-2)—was a "fraud and fabrication." (ECF No. 667 at 1.) He attaches to the Motion a document that the Court has determined to be an excerpt from a legal brief submitted by the Government in opposition to a habeas corpus petition that Aigbekaen has filed in the Southern District of Illinois. *See Aigbekaen v. Lillard*, Civ. No. 22-02599-NJR, ECF No. 26 (S.D. Ill. June 13, 2023). In notes that Aigbekaen has written in the margins of this excerpt, Aigbekaen highlights purported

inconsistencies between the language of that brief and the language of the DHO Report. (*See* ECF No. 667-1 at 1.)

The fact that Government counsel in a separate case used slightly different language to describe the May 2022 incident does not, on its own, come anywhere close to showing that the DHO's findings as to that incident were fraudulent. In any event, even this document confirms that Aigbekaen "abruptly turn[ed] toward" the correctional officer "in an aggressive fashion" before the officer restrained him.[1] (ECF No. 667-1 at 1.)

Moreover, even assuming, *arguendo*, that the DHO Report was wrong in finding that Aigbekaen "balled [his hands]" and took "aggressive steps toward the [o]fficer" during the May 2022 incident, (*see* ECF No. 667-1 at 1), the fact remains that Aigbekaen was disruptive and aggressive toward correctional staff, that he later denied the same in a prison disciplinary hearing, and that he has also committed eight other infractions. (*See* ECF No. 659 at 10.) These considerations, plus the severity of Aigbekaen's crime of conviction, more than sufficed to support the Court's conclusion that—when these factors were weighed against the factors militating in favor of release—only a modest sentence reduction was appropriate. (*See id.* at 12.)

Aigbekaen also requests that the BOP be ordered to let him to participate in its "Sex Offender Treatment Program," even though BOP has determined that he is not qualified for it. (ECF No. 668 at 1.) "Congress has given federal prison officials full discretion to control" "prisoner classification and eligibility for rehabilitative programs in the federal system." *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (citing 18 U.S.C. § 4081). So, the Court cannot grant this relief.

---

[1] Aigbekaen also appears to argue that he was not actually present at the DHO Hearing (*see* ECF No. 667 at 1), but he provides no evidence to support this claim—and even if it were true, he does not explain why that should result in a greater reduction of his sentence.

2

Finally, Aigbekaen references unspecified "sentencing errors." (ECF No. 668 at 1.) Aigbekaen does not explain what errors were made, but in any event the Court has repeatedly considered and rejected such arguments. (*See, e.g.*, ECF No. 564 at 23–25 (Memorandum and Order of August 4, 2022); ECF No. 623 at 1–2 (Memorandum and Order of February 21, 2024).)

For the foregoing reasons, it is ORDERED that Aigbekaen's Motion for Judicial Notice (ECF No. 667)—as supplemented by his June 9, 2025, letter (ECF No. 668)—is DENIED.

DATED this 7 day of August, 2025.

BY THE COURT:

/s/ James K. Bredar
James K. Bredar
United States District Judge