IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| | * | |
| UNITED STATES OF AMERICA | * | |
| v. | * | Crim. No.  JKB-15-0462 |
| RAYMOND AIGBEKAEN, | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## MEMORANDUM AND ORDER

Pending before the Court are four Motions filed by Defendant Raymond Aigbekaen: (1) a Motion for Copy Work at Government's Expense (ECF No. 675); (2) a Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c) (ECF No. 676); (3) an Emergency Motion for Judicial Notice and Status Report (ECF No. 678); and an Emergency Motion Seeking Order of Non-Binding Judicial Recommendation (ECF No. 687).  All four Motions will be denied.

## I. BACKGROUND

As this case has been "litigated essentially continuously" since Aigbekaen's conviction, the Court will provide only a brief synopsis of the case's history.  (ECF No. 623 at 7.)

Aigbekaen and co-defendant Marcell Greene were indicted in August 2015, charged with six counts relating to the sex trafficking of a minor victim.  (ECF No. 1.)  Greene pled guilty before trial (*see* ECF No. 94) and was sentenced to 10 years of imprisonment (ECF No. 232).  Aigbekaen elected to proceed to trial and was found guilty by a jury on all six counts.  (ECF No. 189.)  The Court sentenced him to 15 years of imprisonment.  (ECF No. 228.)

Since his sentencing, Aigbekaen has filed over one hundred motions and other documents *pro se* with the Court, seeking to attack his conviction or modify his sentence.  (ECF No. 659 at

2.) Until recently, the Court had denied all substantive relief sought. (*Id.*) But on May 8, 2025, the Court granted Aigbekaen a modest reduction in his sentence. (*Id.* at 12.) It found that Aigbekaen's "serious physical and mental health conditions constitute 'extraordinary and compelling reasons' for purposes of 18 U.S.C. § 3582(c)(1)(A)(i)." (*Id.* at 4–5.) However, in its assessment of the 18 U.S.C. § 3553(a) factors, the Court explained that Aigbekaen's poor prison disciplinary record and the seriousness of his offense counseled against a significant reduction. (*Id.* at 12.) Therefore, the Court reduced his sentence only by six months, rather than by 36 months as Aigbekaen had requested. (*Id.*)

## II. MOTION FOR COMPASSIONATE RELEASE

Aigbekaen has now again moved for a sentence reduction, requesting that he be released from prison immediately. Under 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable."

The Court previously held that Aigbekaen's physical and mental health ailments collectively constituted extraordinary and compelling reasons warranting a sentence reduction. (ECF No. 659 at 4–8.) New health records indicate that Aigbekaen continues to suffer serious health issues. (*See* ECF No. 676-5.) Thus, based on the Court's prior rationale (ECF No. 659 at 4–8), the Court again finds that Aigbekaen has presented extraordinary and compelling reasons that warrant a sentence reduction. *Accord United States v. Braxton*, No. CR JKB-09-0478, 2021 WL 3883741, at *1 (D. Md. Aug. 31, 2021), *aff'd*, No. 21-7543, 2022 WL 539403 (4th Cir. Feb. 23, 2022).

Despite this, application of the § 3553(a) factors does not justify a further reduction in Aigbekaen's sentence. Previously, the Court found that two of these factors weighed most heavily

against a reduction that was greater than six months: the nature and circumstances of the offense and Aigbekaen's own history and characteristics. (ECF No. 659 at 12.) The Court's assessment remains unchanged. Aigbekaen committed an "appalling offense." (ECF No. 262 at 162.) He trafficked a juvenile victim "in the most odious way." (*Id.*) And despite his protestations that Greene was more culpable, Aigbekaen "was deeply involved in this criminal activity." (*Id.*) As the Court previously explained, "[s]uch a heinous crime calls out for a correspondingly substantial punishment to promote respect for the law, deter further criminality, and protect the public." (ECF No. 659 at 9.)

As to Aigbekaen's own history and characteristics, the Court previously explained that it must consider his post-incarceration conduct, which has been less than stellar. (*Id.* (citing *United States v. McDonald*, 986 F.3d 402, 412 (4th Cir. 2021).) The Court placed emphasis on the fact that Aigbekaen had accumulated nine disciplinary infractions during his time in prison, including an assault on a correctional officer. (*Id.* at 10.) And since the Court reduced Aigbekaen's sentence in May 2025, Aigbekaen has continued to exhibit poor behavior in prison. Over the course of just a three-week period in January and February of this year, Aigbekaen incurred three disciplinary infractions. (ECF No. 682 at 11.) This continued pattern of misconduct reflects a lack of rehabilitation and an ongoing need to both protect the public from Aigbekaen and to deter him from committing additional crimes.

The Court's previous assessment of the § 3553(a) factors led it to reduce Aigbekaen's sentence by six months. Nothing has occurred since that point to alter the Court's evaluation of the § 3553(a) factors except that Aigbekaen's prison disciplinary record has worsened. Thus, application of the § 3553(a) factors does not warrant a further reduction in Aigbekaen's sentence. Therefore, Aigbekaen's Motion for compassionate release will be denied.

3

## III. OTHER PENDING MOTIONS

Because the Court will deny Aigbekaen's Motion for compassionate release, his Motion for Copy Work will be denied as moot. The Emergency Motion for Judicial Notice and Status Report will also be denied because it seems to seek release to a halfway house or to home confinement. But the Bureau of Prisons, not the district court, "has the authority to designate the place of a prisoner's confinement." *United States v. Hopkins*, No. CR DKC 20-248-2, 2025 WL 987444, at *4 (D. Md. Apr. 2, 2025). Thus, the Court generally lacks the power to grant Aigbekaen's request. *Id.*

The Motion for a "non-binding judicial recommendation" seems to request several forms of relief. It reiterates Aigbekaen's request to be moved to a halfway house (ECF No. 687 at 3), which the Court will deny for the reasons just stated. *See Hopkins*, 2025 WL 987444, at *4. The Motion also seems to request that the Court recommend that the BOP apply time credits to Aigbekaen's sentence that he has earned pursuant to the First Step Act. (ECF No. 687 at 3.) But even if the Court had this power, it would not make this recommendation because Aigbekaen is ineligible to receive these time credits. *See* 18 U.S.C. § 3632(d)(4)(D)(xxvii) (stating that prisoners convicted of sex trafficking are ineligible to receive First Step Act time credits). Finally, Aigbekaen requests that the Court recommend that the BOP provide him with a CPAP machine to treat his sleep apnea. (ECF No. 687 at 1.) The Court has previously explained that it has no power to order such relief (ECF Nos. 615, 680), so Aigbekaen now asks for a "non-binding judicial recommendation" that he receive this medical treatment. (ECF No. 687 at 1.) Again, even if the Court were to assume that it has this power, it would not exercise it. Aigbekaen is being actively treated for sleep apnea, and his medical professionals have laid out a treatment plan for him. (*See* ECF No. 676-5 at 4.) Short of a constitutional violation, the Court will not second-guess the judgment of these medical professionals. Thus, this Motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, it is ORDERED that:

1. Aigbekaen's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c) (ECF No. 676) is DENIED;

2. Aigbekaen's Motion for Copy Work at Government's Expense (ECF No. 675) is DENIED AS MOOT; and

3. Aigbekaen's Emergency Motion for Judicial Notice and Status Report (ECF No. 678) is DENIED.

4. Aigbekaen's Emergency Motion Seeking Order of Non-Binding Judicial Recommendation (ECF No. 687) is DENIED.

DATED this ___20___ day of March, 2026.

BY THE COURT:

_James K. Bredar_

James K. Bredar
United States District Judge

5